IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROSALYN COLES, | * |
| | * |
| | * |
| v. | * |
| | *   Civil No.  JKS 08-321 |
| | * |
| MICHAEL J. ASTRUE | * |
| Commissioner of Social Security. | * |
| | * |
| | * |

**MEMORANDUM OPINION**

Plaintiff Rosalyn Coles brought this action pursuant to 42 U.S.C. § 405(g), for review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-433.  The parties consented to referral to a United States Magistrate Judge for all proceedings and final disposition.  Coles' and Astrue's motions for summary judgment are ready for resolution and no hearing is deemed necessary.  *See* Local Rule 105.6.  For the reasons set forth below, Coles' motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted.

**1. Background.**

Coles filed an application for DIB on June 21, 2004, (R. 50), alleging an onset of disability on September 7, 1995.[1]  (R. 58).  Following denial of her claims initially and on reconsideration, an Administrative Law Judge (ALJ) held a hearing on March 9, 2007, at which Coles was represented by an attorney.  (R. 321).  On June 6, 2007, the ALJ found that Coles was not disabled within the meaning of the Act.  (R. 11-23).  The Appeals Council denied Coles'

---

[1] At her administrative hearing, Coles amended her onset date to June 30, 2002, her date last insured.  (R. 14, 323).

request for a review, rendering the ALJ's determination as the final decision of the Commissioner of Social Security. (R. 5).

**2. ALJ's Decision.**

The ALJ evaluated Coles' DIB claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520. First, the ALJ determined that Coles has not engaged in substantial gainful activity since June 30, 2002. (R. 15). At step two, the ALJ concluded that Coles suffers from the following severe impairment: lumbar disc disease with herniation at L4-5. *Id.* However, at step three the ALJ determined that Coles' impairment does not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19). In evaluating Coles' residual functional capacity (RFC) at step four, the ALJ found that Coles has the ability to perform activities at the light exertional level and is thus unable to return to her past relevant work. (R. 21). At step five, the ALJ found that considering Coles' age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 22). As a result, the ALJ determined that Coles was not disabled within the meaning of the Act. *Id.*

**3. Standard of Review.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a

reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

**4. Discussion.**

Coles raises two issues in her appeal. She claims that the ALJ erroneously assessed her RFC and she claims that the ALJ erroneously applied the medical-vocational guidelines.

A. The ALJ Properly Assessed Coles' RFC.

Coles asserts that the ALJ made several errors in assessing her RFC. First, Coles claims that the ALJ failed to properly assess Coles' limitations. Next, Coles claims that the ALJ's RFC assessment failed to include certain limitations acknowledged by the State Agency consultants. Finally, she asserts that the ALJ improperly evaluated the opinion of her treating physician.

RFC is the most work an individual can do, despite her limitations, for 8 hours a day, 5 days a week. 20 C.F.R. § 404.1545(a)(1); Soc. Sec. Ruling 96-8p, 1996 WL 374184 at *2. The ALJ must make the RFC determination at step four of the sequential evaluation process after considering all of the relevant medical and non-medical evidence. 20 C.F.R. §§ 404.1520(e), 404.1545. The RFC assessment begins with a function-by-function assessment based upon the claimant's functional limitations and ability to do work-related activities. Soc. Sec. Ruling 96-8p at *3. This evaluation shall include evidence from treating and non-treating medical sources, observations of the claimant's impairments, and the claimant's symptoms such as pain. 20 C.F.R. § 404.1545(a)(3).

Once all of the relevant evidence has been considered, then the ALJ may express the RFC in terms of the exertional levels of work. Soc. Sec. Ruling 96-8p at *3. The exertional requirements of "light work" call for

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds . . . [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b). Once the ALJ finds an individual capable of meeting the exertional requirements of light work, certain non-exertional impairments may significantly reduce the number of jobs available in the light occupational base and result in a finding of disability. *See* Soc. Sec. Ruling 83-14, 1983 WL 31254 at *3. Still, many non-exertional limitations, including climbing scaffolding, poles or ropes, have little or no effect on the unskilled light occupational base. *Id.* at *5.

Here, the ALJ properly evaluated the evidence in determining that Coles has the RFC to perform activities at the light exertional level. The ALJ discussed numerous details of the medical evidence, evaluating Coles' injuries resulting from her September 5, 1995 accident and the many subsequent medical opinions regarding her abilities and limitations. (R. 15-21). The ALJ described those facts and opinions in a thorough narrative discussion. *Id.* The ALJ also assessed Coles' hearing testimony as to her physical limitations. (R. 20-21). The ALJ's conclusion that Coles could perform "activities at the light exertional level" amounts to a finding that Coles can perform work on a regular and continuing basis, or 8 hours a day, for 5 days. *See Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (stating that an ALJ's determination of a claimant's RFC implicitly includes a finding that the claimant is able to work an eight hour day). Substantial evidence supports this determination.

Coles claims that the ALJ failed to consider the opinions of the State Agency consultants as to her limitations. Specifically, Coles argues that many of the non-exertional limitations identified in Dr. Hakkarinen's RFC assessment, (R. 301-08), were not included in the ALJ's RFC assessment. The ALJ noted that "Dr. Hakkarinen assessed the claimant as having the ability to perform activities at the light exertional level; that is, the claimant could lift 10 pounds frequently and 20 pounds occasionally." (R. 18). In his report, Dr. Hakkarinen also opined that Coles could sit, stand or walk for about 6 hours in an 8 hour work day, with normal breaks. (R. 302). To the extent that Coles argues that sitting, standing, or walking for 6 hours is a "limitation," she is incorrect; this is the highest functioning category on the assessment form. *See* R. 302. Dr. Hakkarinen's opinion is consistent with the ALJ's determination that Coles can work a normal 8 hour workday, or equivalent work schedule.

The ALJ properly declined to adopt Dr. Hakkarinen's opinion that Coles' "back pain" imposed postural limitations because the ALJ discredited Coles' allegations of back pain as inconsistent with the evidence in the record. (R. 21). Moreover, even if the ALJ had adopted Dr. Hakkarinen's non-exertional limitations, Coles would still be capable of light work and the RFC would be unchanged. *See* Soc. Sec. Ruling 83-14 at *4-5 (certain non-exertional limitations, including but not limited to the "inability to ascend or descend scaffolding, poles, and ropes" do not significantly affect the ability to perform work). Thus, the ALJ properly evaluated Dr. Hakkarinen's report in determining Coles' RFC.

Coles further argues that the ALJ improperly assessed the opinion of Dr. Meyer, Coles' treating physician. The ALJ considered Dr. Meyer's opinion along with the other evidence in the record, including opinion evidence of other treating physicians and State agency consultants. (R. 15-21). The ALJ gave controlling weight to Dr. Meyer's opinion that Coles could perform

"light duty" work because it was supported by clinical findings and consistent with other evidence in the record. (R. 18); 20 C.F.R. § 404.1527(d)(2). The ALJ, however, did not adopt Dr. Meyer's opinion wholesale. The ALJ also discussed and incorporated other medical opinions and evidence in reaching her conclusion that Coles has the capacity to perform light work; specifically, Dr. Hakkarinen's 2004 assessment that Coles could perform light exertional activities, which was affirmed by Dr. Moore in 2005. (R. 18, 301-07, 311-12).

Coles contends that the ALJ overlooked Dr. Meyer's opinion that Coles could not work more than 20 to 30 hours per week, citing Dr. Meyer's progress notes from January 1998 to May 1998. (R. 133-36). However Dr. Meyer's more recent progress notes—from August 1998 to January 1999—indicate that Coles had the capacity to perform light work without any restriction to part time. (R. 124-31). These more recent progress notes also show improvement in Coles' condition. *Id.* Accordingly, the ALJ properly evaluated Dr. Meyer's opinion in her assessment of Cole's RFC.

   B. The ALJ Appropriately Relied on the Medical-Vocational Guidelines.

Coles contends that the ALJ improperly relied upon the medical-vocational guidelines in determining that Coles was not disabled. Specifically, Coles argues that she has non-exertional impairments which required the testimony of a vocational expert to determine the impact of her limitations upon her occupational base.

At the final step of the sequential evaluation, the Commissioner bears the burden to show that there were other jobs, existing in significant numbers in the national economy, that the claimant could perform, consistent with the claimant's age, education, work history and functional limitations. *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983). To meet this burden, the Commissioner may refer to the medical-vocational guidelines ("grids") set forth in

20 C.F.R. Part 404, Subpart P, Appendix 2. *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987). However, because the grids only consider the exertional component of a claimant's disability, *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983), where a claimant has non-exertional limitations, such as postural and environmental limitations, the guidelines are not conclusive. Rather, the Commissioner must give full individualized consideration to all relevant facts of the case, *Id;* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); 20 C.F.R. § 404.1569, producing a vocational expert to testify that jobs exist that the claimant has the capacity to perform. *Grant*, 699 F.2d at 192.

Here, the ALJ properly relied upon the medical-vocational guidelines in determining that Coles is not disabled because the ALJ determined that Coles does not have non-exertional limitations that affect her ability to perform a full range of light exertional work. (R. 21). Coles contends that her allegations of pain amount to a non-exertional impairment. However, the ALJ found that her allegations regarding pain were inconsistent with the medical evidence and Coles' testimony regarding her actual daily activities.[2] (R. 21). Specifically, the ALJ found that Coles' "statements regarding the severity, persistence, and limiting effects of her symptoms are not credible to the extent that they would limit her to less than the full range of light exertional activities." (R. 21). Accordingly, Coles' pain does not produce a non-exertional impairment that precluded the ALJ from using the grids.

Coles further argues that she has other non-exertional impairments which precluded the use of the grids and required the testimony of a vocational expert. Coles specifically refers to the State Agency report of Dr. Hakkarinen, which states that postural and environmental limitations restrict what activities Coles can perform. (R. 300-08). However, as noted, Dr. Hakkarinen based his opinion on Coles' discredited allegations regarding pain, and his limitations do not in

---

[2] Coles does not contest the ALJ's credibility finding.

any event preclude the use of the grids.  *See* Soc. Sec. Ruling 83-14 at *4-5 (explaining that some non-exertional limitations, such as "inability to ascend or descend scaffolding, poles, and ropes" and environmental restrictions, do not erode the light occupational base).  Because the ALJ was permitted to rely on the medical-vocational guidelines, she was not required to consult a vocational expert to determine whether jobs exist that Coles has the capacity to perform.

**5. Conclusion**.

For the foregoing reasons, Coles' motion for summary judgment will be denied.  A separate Order will be entered.


Date:  October 16, 2009                                          /S/
                                                         JILLYN K. SCHULZE
                                                         United States Magistrate Judge